UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Terrance Skinner,                                         Case No. 06-46972
                                                          Chapter 13
                Debtor.                   Hon. Phillip J. Shefferly
_____/

Terrance Skinner,

       Plaintiff,

vs                                                        Adv. No. 06-4960

Angelo R. Moliza, et al.,

       Defendant.
_____/

**ORDER (1) DENYING RECONSIDERATION OF ORDER
DISMISSING ADVERSARY PROCEEDING; (2) STRIKING DOCKET
ENTRY NUMBERS 15 THROUGH 20; AND (3) PROHIBITING THE
FILING OF PAPERS IN THIS ADVERSARY PROCEEDING WITHOUT
PRIOR LEAVE OF COURT**

On February 28, 2006, the Debtor filed a Chapter 13 petition, bankruptcy case No. 06-42304. That case was dismissed on March 31, 2006. On June 1, 2006, the Debtor filed this Chapter 13 bankruptcy case No. 06-46972. On August 1, 2006, the Debtor filed this adversary proceeding. On August 29, 2006, the Court entered an order dismissing the bankruptcy case. Because of the dismissal of the bankruptcy case, the Court entered an order on September 14, 2006 dismissing this adversary proceeding for lack of jurisdiction. On September 18, 2006, the Debtor filed six separate papers (docket entries Nos.15 through 20). Docket entry No. 15 purports to be filed by Terrance Skinner "Stramineus homo, U.S. Vessel, Libellant" and contains a lengthy title that includes the following language:

Within the Admiralty COMMERCIAL NOTICE OF AFFIDAVIT OF POINTS AND AUTHORITIES AND MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR AMENDED COMPLAINT AND WITHIN THE ADMIRALTY PURSUANT TO RCP #3 AND #4 FOR THE PETITION FOR AGREEMENT AND HARMONY IN THE NATURE OF A NOTICE OF INTERNATIONAL COMMERCIAL CLAIM WITHIN THE ADMIRALTY ADMINISTRATIVE REMEDY AND LIBEL OF REVIEW AND ENTRY OF THE CONCLUSIVE EVIDENCE THE SETTLEMENT AND CLOSURE OF THE ESCROW BY COMMERCIAL AFFIDAVIT/PLEADING IN FACT AND POINTS AND AUTHORITIES AND MEMORANDUM OF LAW.

Docket entry No. 15 is not a pleading that is recognized under of the Federal Rules of Civil Procedure or Federal Bankruptcy Rules. It is a rambling, unintelligible and lengthy recitation of various allegations and citations to legal authorities unrelated to the Debtor's bankruptcy case or this adversary proceeding. Docket entry No. 16 is a paper filed with a similar title but also contains allegations of extortion, fraud, perjury, racketeering, and other wrongful conduct by various persons and entities. It seeks various forms of relief including recovery of $28,945,147,297.00. Docket entry No. 17 is another similarly titled paper with similar content. Docket entry No.18 is entitled "Acceptance of Oaths of Office and Constitutions, Contract and Waiver of Tort" and is purported to be filed by "Terrance Skinner-El, hereunder known as Affiant, a Michigan Republic Sovereign Citizen Living Soul without the United States." It purports to establish a "waiver of tort" entitling the Debtor to some form of relief. Docket entry No. 19 is entitled "Commercial Notice Within the Admiralty of the Filing of Foreign Judgment." Docket entry No. 20 has a title similar to the title of docket entry Nos.15 through 19, and contains a lengthy discussion of a state court proceeding involving the Debtor that occurred prior to this bankruptcy case and seeks various other relief. Unlike docket entry Nos. 15 through 19, docket entry No. 20 also appears to request relief from this Court's order dismissing this adversary proceeding entered on September 14, 2006.

All of the papers having docket entry Nos.15 through 20 were filed on September 18, 2006,

after this adversary proceeding was dismissed. The papers that comprise docket entry Nos.15 through 20 are on their face incoherent, frivolous, unintelligible and not legally cognizable. However, because docket entry No. 20 appears to request relief from this Court's order dismissing this adversary proceeding, the Court will treat this paper as a request for rehearing or reconsideration of the Court's order dismissing this adversary proceeding.

Under L.B.R. 9024-1(c)(E.D.M.), a party requesting rehearing or reconsideration must "not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." The paper filed by the Debtor as docket No. 20 does not meet the standard of L.B.R. 9024-1(c). There is no basis to grant the Debtor relief from this Court's order dismissing this adversary proceeding.

Further, the Court concludes that the papers that comprise docket entry Nos.15 through 20 should be stricken from the Court file. Fed. R. Bankr. P 9018 permits the Court on motion or on its own initiative, with or without notice, to enter any order that justice requires to protect the estate or any entity against scandalous or defamatory matter contained in a paper filed in a bankruptcy case. The papers filed by the Debtor as docket entry Nos.15 through 20 contain many bizarre, incoherent, scandalous and defamatory allegations against various persons and entities. The Court has authority under Fed. R. Bankr. 9018 to strike these papers from the file.

Further, because the Debtor's bankruptcy case has been dismissed, and this Court therefore has no jurisdiction over this adversary proceeding for the reasons explained in the Court's September 14, 2006 order dismissing the adversary proceeding, no purpose would be served by allowing the Debtor to continue to file such incoherent, frivolous, scandalous and defamatory papers in this adversary proceeding. Accordingly,

IT IS HEREBY ORDERED that any and all relief sought by Debtor's papers filed as docket entry Nos.15 through 20, including but not limited to any relief from this Court's order dismissing this adversary proceeding, is denied.

IT IS FURTHER ORDERED that the papers filed as docket entries Nos.15 through 20 are stricken pursuant to Fed. R. Bankr. P. 9018.

IT IS FURTHER ORDERED that the Debtor shall not file any further papers in this adversary proceeding without leave of Court.

**Entered: September 28, 2006**

          /s/ Phillip J. Shefferly
**Phillip J. Shefferly
United States Bankruptcy Judge**